AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| JOSHUA JAMES HARDY | ) | 1:24MJ -61-SLC |
| | ) | |
| *Defendant(s)* | ) | |

-FILED-

APR 26 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __4/25/2024__ in the county of __DeKalb__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Knowingly possess a machinegun. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

JUSTIN JAMES (Affiliate)
Digitally signed by JUSTIN JAMES (Affiliate)
Date: 2024.04.26 12:27:57 -04'00'

*Complainant's signature*

ATF TFO Justin James

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/26/2024

City and state: Fort Wayne, Indiana

s/ Susan Collins

*Judge's signature*

Susan Collins, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT

Comes now your Affiant, Task Force Officer (TFO) Justin James of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), first being duly sworn, now deposes and says:

Your Affiant is a Detective with the Auburn Police Department and has been employed there since January of 2013. I am certified as an Indiana Police Officer by the Indiana Law Enforcement Academy, graduating from the academy in 2013, class number 199. Since academy graduation, I have maintained all required and mandated yearly training requirements as set forth by the State of Indiana and the Indiana Law Enforcement Academy. I have also attended and completed numerous, non-mandated, Law Enforcement related training hours in diverse areas and topics during my Law Enforcement career. I have been assigned to Narcotics investigations since April 2021.

I am currently assigned to the Auburn Police Narcotics Enforcement Team (APNET), the Allen County Drug Taskforce (ACDTF), and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) as a Task Force Officer (TFO).

During my tenure with the ATF and Auburn Police Department, I have participated in many investigations concerning the distribution of controlled substances and firearms. During these investigations, I have participated in interviewing witnesses, cooperating individuals, and informants regarding illegal trafficking of controlled substances and firearms and have read many official reports of similar interviews by other officers. I have conducted surveillance, and I have

observed and recorded movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances. I have functioned as the case agent in many cases and specifically investigations involving trafficking of controlled substances. As a result of my training and experience, I am familiar with how various drugs are used and the typical distribution and trafficking methods used by drug dealers and traffickers.

Your Affiant is currently assigned to the ATF's Fort Wayne, Indiana, field office. This office investigates violations of Federal firearms laws, as well as other violations relating to the possession or use of illegal narcotics.

This Affidavit is being submitted for the limited purpose of securing an arrest warrant for Joshua James Hardy, DOB 02/13/1989. Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant for HARDY, your Affiant has not included each and every fact known concerning this investigation. Your Affiant has set forth only the facts that are necessary to establish probable cause.

Based on my investigation, your Affiant has probable cause to believe that on or about April 25, 2024, Joshua HARDY (HARDY) knowingly possessed a machinegun, and he knew, or was aware of, the essential characteristics which made it a machinegun, in violation of 18 U.S.C. § 922(o). The statements in this Affidavit are either known to me personally, based on my personal involvement in this investigation, or come from information provided verbally to me by other law enforcement personnel, information received by a review of court documents, records

from the Indiana Department of Corrections, records maintained by the National Crime Information Center (NCIC), as well as my training experience, and the training and experience of other law enforcement officers.

On April 25, 2024, at approximately 1:37 PM, DeKalb County Detective Haber was on patrol in the city of Garrett. Garrett is located in the northern district of Indiana. Detective Haber observed a green Chevrolet Tahoe pulling an empty trailer. Detective Haber recognized the driver to be Joshua James Hardy and knew him to have a suspended license and an active arrest warrant for unlawfully carrying a handgun out of DeKalb County.

Detective Haber was driving an unmarked vehicle but was in full uniform. Detective Haber activated his emergency lights and attempted to conduct a traffic stop with Hardy in the area of Randolph Street and Baltimore Street, Garrett, Indiana. Hardy accelerated and disregarded the stop sign at East Baltimore Street and Franklin Street.

Hardy jumped out of the moving vehicle and fled northbound. The vehicle was still in gear and crashed into a building located at 507 North Lee Street. The vehicle caused damage to the exterior of the building. Detective Haber exited his vehicle and announced, "Police canine, stop!" Hardy continued to flee. Detective Haber deployed his fully trained and certified K9 partner, Rico, to apprehend HARDY.

HARDY continued to flee. K9 Rico located and apprehended HARDY in the front yard of 201 E. High Street, Garrett, Indiana. K9 Rico bit HARDY in the upper arm and held him there until he could be secured into handcuffs. Garrett Police SGT

LaMotte observed a clear plastic bag that contained a white crystal substance laying on the ground near HARDY. The crystal substance was secured, and the substance later field tested positive for methamphetamine.

DeKalb County Sheriff's Deputy Stein arrived on scene with his K9 partner, Rizzo, and conducted a free air sniff around the exterior of the Tahoe that HARDY was driving. K9 Rizzo alerted to the odor of a controlled substance coming from within the vehicle. I arrived on scene just as units began searching the vehicle based on the probable cause established by the free air sniff. The vehicle was operational and in a public place and could have been driven away from the scene.

DeKalb County Deputy Burgett located a black bag on the passenger side floorboard. Inside of the black bag, Deputy Burgett located a green Crown Royal bag that contained eight 3-D printed parts. Deputy Burgett showed me the 3-D printed parts. I recognized them through my training and experience in law enforcement and knew them to be machinegun conversion kits. This type of machinegun conversion kit is commonly used to turn a semi-automatic rifle into a fully automatic machinegun. 26 U.S.C. § 5845 defines machinegun and the definition includes the following: "the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

Deputy Burgett continued to search the black bag and located a Sapura Marijuana dispensary bag. Inside of the bag, Deputy Burgett located several plastic bags that contained a white crystal residue that is consistent with methamphetamine, a black digital scale that contained a white crystal residue that was also consistent with methamphetamine, and one .380 round. Deputy Burgett located a .223 round and a glass smoking device consistent with methamphetamine usage in the center console area. In the back seat, Deputy Burgett located a black firearm accessory that goes around the magazine well.

I located tax paperwork on the back seat with HARDY's name on it. I also located a pair of men's jeans behind the driver's seat. Inside of the pocket, I located a clear plastic bag that contained a green leafy substance consistent with marijuana. I located a laptop inside of a book bag on the back seat. HARDY was read his rights according to Miranda but stated that he was not interested in talking. HARDY was transported to Parkview DeKalb for medical treatment for the dog bite.

Detective Haber and I returned to the Auburn Police Department to process evidence. I conducted a field test on the white crystal substance that was located next to HARDY'S person when he was taken into custody. The white crystal substance field tested positive for methamphetamine and weighed approximately 2 grams. I conducted a field test on the suspected marijuana that was in the vehicle and received a positive field test for marijuana. The weight of the marijuana was 8 grams.

I reviewed HARDY'S criminal history and determined that he is a multi-convicted felon who is prohibited from possessing firearms and ammunition. I

determined that HARDY does not have any licenses to allow him to sell or possess machineguns or machinegun parts.

The foregoing facts are true to the best of your Affiant's knowledge and belief. Further, your Affiant sayeth naught.

JUSTIN JAMES (Affiliate)
Digitally signed by JUSTIN JAMES (Affiliate)
Date: 2024.04.26 12:28:19 -04'00'

Justin James
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn before me this 26th day of April, 2024.

s/ Susan Collins

Hon. Susan Collins
U.S. Magistrate Judge
Northern District of Indiana